IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELI LILLY AND COMPANY, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> NORRIS COCHRAN, *et al.*, <br><br> *Defendants.* | Case No: 1:21-cv-81-SEB-MJD |

**MOTION FOR LEAVE BY NATIONAL ASSOCIATION OF COMMUNITY HEALTH CENTERS TO FILE A BRIEF AS *AMICUS CURIAE* IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

The National Association of Community Health Centers ("NACHC"), by and through undersigned counsel, moves for leave to file the attached amicus curiae brief in support of Defendants' Opposition (ECF No. 32) to Plaintiffs' Motion for Preliminary Injunction (ECF No. 18). Per their respective counsel, Plaintiffs oppose this motion, but Defendants do not.

NACHC, founded in 1971, is a nonprofit organization with a national membership of federally-funded health centers, known as Federally-qualified health centers ("FQHCs"). FQHCs provide crucial primary health care and related services in all fifty states, the District of Columbia, Puerto Rico, and other U.S. territories, regardless of patient insurance status or ability to pay for such services; approximately one in twelve Americans receive care at an FQHC. NACHC is dedicated to furthering the safety-net mission and purpose of FQHCs, and does so

through extensive education, training, and advocacy, including legal representation through its associational standing, as reflected in the record of this case, *see* ECF No. 19-5 at 92, 310 (administrative claim before Department of Health and Human Services on behalf of FQHC members and federal lawsuit against HHS to compel promulgation of administrative dispute resolution rule mandated by 42 U.S.C. § 256b(d)(3), respectively), and as amicus curiae, *see, e.g., California Ass'n of Rural Health Clinics v. Douglas*, 738 F.3d 1007 (9th Cir. 2013) (concerning scope of mandatory FQHC services and associated reimbursement rights in Medicaid).

The Federal Rules of Civil Procedure do not expressly contemplate the submission of amicus briefs in district court. Accordingly, this Court has chosen to follow the principles of Rule 29 of the Federal Rules of Appellate Procedure when considering whether to accept such a submission. *See Monarch Beverage Co., Inc. v. Johnson*, No. 1:13-cv-01674, 2014 WL 7063019 at *1 (S.D. Ind. Dec. 11, 2014). Granting leave to file an amicus brief is appropriate where, *inter alia*, "the would-be amicus has a direct interest in another case, and the case in which he seeks permission to file an amicus curiae brief may, by operation of stare decisis or res judicata, materially affect that interest" or "the amicus has a unique perspective, or information, that can assist the court . . . beyond what the parties are able to do." *Id.* (citing *Nat'l Org. for Women, Inc. v. Scheidler,* 223 F.3d 615, 617 (7th Cir. 2000)) (internal citations and quotations omitted). Both criteria exist here.

In the latter part of 2020, Plaintiffs Eli Lilly and Company and Lilly USA, LLC (collectively, "Lilly") reversed decades of practice to restrict FQHCs' access to

2

statutorily mandated 340B Program drug discounts. Lilly's unilateral action not only provoked public outcry but also precipitated NACHC's October 2020 lawsuit to compel the promulgation of a then-nonexistent administrative rule to provide the one and only process for FQHCs to remedy such drug manufacturer misconduct. HHS promulgated the ADR rule in late December 2020, with an effective date of January 13, 2021. On that date (January 13), on behalf of more than two-hundred FQHCs, NACHC filed an ADR claim against Lilly and other drug manufacturers, seeking an order directing Lilly to immediately restore the status quo ante that existed for nearly two decades before Lilly dramatically shifted the landscape. On day two of the ADR process (January 14), NACHC moved for immediate relief, as the underlying dispute presents a purely legal issue HHS has all but resolved in NACHC's favor. *See* ECF No. 19-5 at 38–45 (HHS Gen. Counsel, Advisory Opinion 20-06 on Contract Pharmacies Under the 340B Program).

Now, through a January 25, 2021 amended complaint and motion for immediate injunctive relief (ECF Nos. 17, 18, respectively), Lilly seeks to block the exclusive means by which its own conduct can be challenged and remedied. *See Nat'l Assoc. of Cmty. Health Ctrs. v. Azar*, No. 1:20-cv-03032 (D.D.C. Oct. 21, 2020); ECF No. 19-5. If Lilly's requested injunction is granted, any claims brought by covered entities under the current ADR Rule would likely be blocked from proceeding, and those with already pending claims, including NACHC on behalf of 225 FQHCs, would be stripped of the sole—and mandatory—mechanism to vindicate their 340B rights.

3

A properly functioning remedial scheme—in which drug manufacturers are held to their statutory obligations—is critical to the continued viability of the 340B Program and its FQHC participants, which have for decades relied on 340B Program savings and revenue to serve vulnerable patient populations, including the uninsured. Because the 340B Program precludes any private right of action in which FQHCs could challenge manufacturer noncompliance, the ADR Rule establishes the exclusive process for covered entities "complaining of 'overcharges and other violations of the discounted pricing requirements.'" *See Astra USA, Inc. v. Santa Clara Cnty.*, 563 U.S. 110, 121–22 (2011) (recognizing that Congress, in 2010, "opted to strengthen and formalize HRSA's enforcement authority" and "render the agency's [administrative] resolution of covered entities' complaints binding, [thereafter] subject to judicial review under the APA") (citing 42 U.S.C. § 256b(d)(1)(A)).

The proposed amicus brief describes the adverse impact the requested injunction would have on NACHC's pending ADR claim against Lilly, and apprises the Court of information not yet provided in this case related to FQHC covered entities, their patients and communities, and their participation in the 340B Program. In particular, the attached proposed brief explains—from the perspective of FQHC covered entities who are not parties but stand to be directly affected by this case—the *true* status quo that existed for more than two decades, until upended by Lilly's unsanctioned and unlawful conduct. That is, for approximately 25 years, drug manufacturers shipped FQHC-purchased drugs to contract

pharmacies, thereby enabling FQHCs to dispense medications to more patients, particularly those who might experience significant obstacles in accessing an in-house pharmacy. Lilly now asks this Court to ratify its roughly six month-long refusal to ship 340B drugs to contract pharmacies. Because FQHCs' statutory mission is to meet the significant health needs of their underserved communities, the proposed brief also explains why granting the extraordinary relief Lilly seeks would terribly disserve the public interest in the best times, let alone now, during the worst acute public health crisis in a century.

The filing of this motion and the attached proposed amicus curiae brief is timely under Fed. Rule. App. P. 29(a)(6), which provides that an amicus must file its brief no later than seven days after the principal brief of the party it supports. NACHC is supporting Defendants' February 16, 2021 opposition to Lilly's preliminary injunction motion, and seeks to file this brief on February 23, 2021.

No counsel for any party had any role in authoring the amicus brief, in whole or in part, and no person or entity, other than NACHC and its counsel, made any monetary contribution to the preparation or submission of this brief.

For the foregoing reasons, the Court should grant leave to file the attached amicus curiae brief.

Dated: February 23, 2021             Respectfully submitted,

                                     s/ *Kathryn E. Cordell*
                                     Kathryn E. Cordell, No. 20109-41
                                     KATZ KORIN CUNNINGHAM, PC
                                     334 North Senate Avenue
                                     Indianapolis, Indiana 46204
                                     T: (317) 464-1100

F: (317) 464-1111
kcordell@kkclegal.com

Matthew Sidney Freedus
Rosie Dawn Griffin
Brendan Michael Tyler
FELDESMAN TUCKER LEIFER
 FIDELL LLP
1129 20th St. NW, 4th Floor
Washington, DC 20036
T: (202) 466-8960
F: (202) 293-8103
mfreedus@ftlf.com
rgriffin@ftlf.com
btyler@ftlf.com

*Counsel for Amicus Curiae National Association of Community Health Centers*

## **CERTIFICATE OF SERVICE**

I hereby certify that on **February 23, 2021**, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's ECF. Parties may access this filing through the Court's system:

| | |
|---|---|
| Andrea Roberts Pierson<br>Faegre Drinker Biddle & Reath, LLP<br>*Plaintiffs* | Andrea.pierson@faegredrinker.com |
| Andrew A. Kassof [PHV]<br>Kirkland & Ellis, LP<br>*Plaintiffs* | akassof@kirkland.com |
| Brian J. Paul<br>Faegre Drinker Biddle & Reath, LLP<br>*Plaintiffs* | Brian.paul@faegredrinker.com |
| Diana M. Watral [PHV]<br>Kirkland & Ellis, LP<br>*Plaintiffs* | Dianna.watral@kirkland.com |
| John C. O'Quinn<br>Kirkland & Ellis, LP<br>*Plaintiffs* | John.oquinn@kirkland.com |
| Matthew S. Owen<br>Kirkland & Ellis, LP<br>*Plaintiffs* | Matt.owen@kirkland.com |
| Matthew D. Rowen<br>Kirkland & Ellis, LP<br>*Plaintiffs* | Matthew.rowen@kirkland.com |
| Nicholas Blake Alford<br>Faegre Drinker Biddle & Reath, LLP<br>*Plaintiffs* | Nicholas.alford@faegredrinker.com |
| Kate Talmor<br>US Department of Justice<br>*Defendants* | Kate.talmor@!usdoj.gov |
| Alice McKenzie Morical<br>Hoover Hull Turner LLP<br>*Intervenors* | amorical@hooverhullturner.com |
| Christopher D. Wagner<br>Hoover Hull Turner LLP<br>*Intervenors* | cwagner@hooverhullturner.com |
| Ronald S. Connelly [PHV]<br>Powers Pyles Sutter & Verille, P.C.<br>*Amici* | ron.connelly@powerslaw.com |

*Kathryn E. Cordell*<br>Kathryn E. Cordell

KATZ KORIN CUNNINGHAM, PC
334 North Senate Avenue
Indianapolis, Indiana 46204
T: (317) 464-1100, F: (317) 464-1111